**In re KNOWARE, INC., Debtor.**

**Robert CATALDO, Trustee, Plaintiff,**

v.

**CASEY & HAYES, INC., Defendant.**

**Bankruptcy No. 84–1318–JG.**
**Adv. No. A84–346–JG.**

United States Bankruptcy Court,
D. Massachusetts.

Jan. 17, 1986.

---

**4.** 44 B.R. 615, 11 C.B.C.2d 1171 (Bankr.D.Ma. 1984).

**5.** 46 B.R. 815 (Bankr.D.Ut.1985).

Robert Cataldo, trustee.

Patrick P. Dinardo, Boston, Mass., for plaintiff.

George Desmond, Framingham, Mass., for defendant.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

This adversary proceeding came before the Court for trial on the Complaint of the chapter 7 trustee, Robert Cataldo ("the trustee") seeking a determination of the nature and extent of a warehouseman's lien on property of the debtor, Knoware Inc., ("the debtor") asserted by the defendant, Casey & Hayes, Inc., ("Casey & Hayes") for moving and storage charges in the sum of $6127.28 rendered to the debtor prior to the filing of the bankruptcy petition. The trustee asserts that the defendant has no warehouseman's lien because it did not deliver a warehouseman's receipt to the debtor before bankruptcy.

Prior to trial the parties stipulated that Casey & Hayes would turn over the property to the trustee, and that the trustee would hold in escrow the disputed amount ($6127.28) pending resolution of the dispute. Based upon the stipulated facts, testimony, and documentary evidence, the Court makes the following findings of fact and conclusions of law, in accordance with Bankruptcy Rule 7052.

The debtor filed a voluntary chapter 7 petition on October 9, 1984. Prior to the filing, in accordance with an agreement, on September 27, 28 and October 1, 1984 Casey & Hayes moved all of Knoware's equipment, office furniture, files and other personal property from Vaser Street to Bent street in Cambridge, Massachusetts. Casey & Hayes also moved a portion of the property to its warehouse when a sale of the items by Knoware was cancelled. Casey & Hayes sent two invoices to the debtor for services rendered, which remain unpaid. Katherine Durham, an employee of Knoware, made arrangements with Casey & Hayes and supervised the move. In October she received by mail two invoices and a xerox copy of a 5 page inventory of items moved from Casey & Hayes, but did not receive the formal warehouse receipt until after the bankruptcy petition was filed. Brian O'Leary the comptroller of Casey & Hayes prepared a non-negotiable warehouse receipt for Knoware, together with an inventory. He deposited an envelope containing the warehouse receipt and inventory in the company's out going mail bin. It is unknown whether the re-

ceipt was deposited in the U.S. mails. The carbon copy introduced into evidence was not delivered to Knoware, as the acknowledgment space remains blank. The trustee contends that Casey & Hayes does not have a valid warehouseman's lien because it did not perfect the lien before bankruptcy by delivering a warehouse receipt to the debtor. Casey & Hayes argues that a warehouse receipt need not be delivered to the customer, but that the warehouseman need only issue the receipt.

The issue presented is whether Casey & Hayes has a valid warehouseman's lien where the receipt was retained by the warehouse company and was not mailed to the debtor until after the filing of the bankruptcy petition?

Section 545 of the Bankruptcy Code provides in pertinent part:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—...
>
> (2) is not perfected or enforceable *at the time, of the* commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists; ...

11 U.S.C. § 545(2) (Supp.1984).

A warehouseman has a statutory lien for unpaid charges on goods for which a warehouse receipt has been issued. M.G.L. c. 106 § 7–209(1) provides in pertinent part:

> A warehouseman has a lien against the bailor *on the goods covered by a warehouse receipt* or on the proceeds thereof in his possession or charges for storage or transportation (including demurrage and terminal charges), insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law (emphasis added).

M.G.L. c. 106 § 7–209(1) (1958).

> A warehouse receipt is "a receipt issued by a person engaged in the business of storing goods for hire."

M.G.L. c. 106 § 1–201(45) (Supp.1979). The warehouseman's lien is expressly dependent upon the issuance of such a doc-

ument. The term "issued" is not defined in the general definitions section or the section concerning warehouse receipts of The Uniform Commercial Code, and there appears to be no Massachusetts decisions defining the term. I have found two cases which have attempted to define the word "issued". *In Grundly v. Clark Transfer Co.*, 42 N.C.App. 308, 256 S.E.2d 732, 27 U.C.C.Rep. 530 (1979) the Court ruled that "issuance" requires mailing of the warehouse receipt as the plain meaning of the verb to issue is to send forth or emit. The Court noted however that actual delivery of the receipt to the bailor was not essential. In that case, since factual question existed as to whether the receipt had been mailed to an improper address, summary judgment for the customer on his Complaint for return of the goods was inappropriate. *Id.*, 27 U.C.C.Rep. at 535. *In Richwagen v. Lilienthal*, 386 So.2d 247, 29 U.C.C.Rep. 964 (Fla.App.1980) the Court declared a sale of a customer's goods by a warehouse invalid since no receipt had been issued. The warehouse's internal office ledger containing the owner's name, the item stored, and the charge did not constitute an issued warehouse receipt.

■ This Court concurs with the view that issuance of a warehouse receipt requires mailing of the receipt to the customer. The warehouseman cannot claim issuance by mere completion of the form while he retains possession of the receipt thereafter. Such a rule comports with well-settled principles of contract law that posting of a letter of acceptance completes a contract, even if the document becomes lost. *See L. Simpson Contracts*, § 37, at 54–5 (2d Ed.1965). Depositing the warehouse receipt in the U.S. mails is at the very least, required to meet the element of issuance.

■ Applying this standard to the instant case, it is clear that the warehouseman does not have a valid lien. There was no evidence that Casey & Hayes mailed the warehouse receipt to the debtor before

bankruptcy. The sole evidence was that the form was deposited in the company's box for outgoing mail.

Accordingly, since no warehouse receipt was issued by Casey & Hayes, its lien is invalid, and is not enforceable against the trustee. Judgment is granted for the plaintiff in this adversary proceeding.